UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD BRITTON                                              CIVIL ACTION

VERSUS                                                      NO. 12-243-BAJ-SCR

STATE OF LOUISIANA DEPARTMENT
OF HEALTH AND HOSPITALS,
BRUCE GREENSTEIN, AND
REGINA NADLER

**RULING ON PARTIAL SUMMARY JUDGMENT**

This matter is before the Court pursuant to a motion for partial summary judgment by Defendants State of Louisiana Department of Health and Hospitals and Bruce Greenstein ("Defendants," collectively). (doc. 22) Plaintiff, Donald Britton ("Plaintiff") has filed an opposition. (doc. 23) Jurisdiction is based on 28 U.S.C. § 1331.

**FACTUAL BACKGROUND**

On November 28, 2008, Plaintiff received a letter from DHH notifying him that he was excluded from participating in the Medical Assistance Program for five years pursuant to Louisiana Revised Statutes section 46:437.14.[1] (doc. 16, p. 6) The exclusion was due to Plaintiff's "felony conviction for theft in excess of [$1,000], related to Maison Des Amie transitional housing facility for the long term mentally

---

[1] La. R.S. § 46.437.14 provides the grounds for denial or revocation of enrollment in the Medical Assistance Program. Subsection 6 states one such ground: "Conviction under federal or state law of a criminal offense relating to fraud, theft, embezzlement, breach of fiduciary responsibility, or any other financial misconduct."

1

ill." (doc. 16, p. 6) Plaintiff received the letter on November 28, 2008. Plaintiff was entitled to an administrative review of the action, which he was required to request in writing within 30 days of the receipt of the notice of exclusion. (doc. 16, p. 7) Britton claims he filed for an appeal within the 30-day limit, but was given an incorrect address by DHH so the appeal was never received. (doc. 23) Because Plaintiff was never notified of a hearing date for his appeal, he "thought DHH had overturned their decision...." (doc. 23) The decision was not overturned, however, and the exclusion from the Medical Assistance Program remained in effect.

On April 25, 2012, Plaintiff filed suit against Defendants and Regina Nadler[2] pursuant to 42 U.S.C. § 1983, claiming the exclusion and lack of an appeal violated his right to due process granted by the Fourteenth Amendment. In addition, Plaintiff sought relief under a variety of other theories, including "deception, fraud, slander, defamation, and discrimination." (doc. 1) Plaintiff seeks monetary damages as well as injunctive relief.

Prior to filing the present motion, Defendants filed a motion to dismiss (doc. 6), and an amended motion to dismiss. (docs. 15.1, 15.2) These motions are still pending before the Court.

---

[2] Nadler was not served and does not appear in the present motion.

## LAW AND DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Defendants argue they are entitled to summary judgment on Plaintiff's due process claim because it was not filed within the applicable time limitations. When it drafted § 1983, Congress did not provide a specific statute of limitations. Instead, limitations periods in § 1983 suits are determined by reference to the appropriate

state statute of limitations. *Board of Regents, University of New York v. Tomanio*, 446 U.S. 478, 484 (1980). Although state law supplies the applicable time limitations, federal law determines when a civil rights action accrues. *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). Under federal law, a claim under § 1983 accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)).

The appropriate time limitation in this case is found in article 3492 of the Louisiana Civil Code, which provides for a one-year liberative prescription on delictual, or tort, actions. The Fifth Circuit has repeatedly affirmed that this prescriptive period applies to § 1983 actions. *Ogletree v. Foti*, 1 F.3d 1237 (5th Cir. 1993); *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). Therefore, Plaintiff had one year from the time his cause of action accrued to file suit.

In the instant case, Plaintiff's claim for violation of due process accrued on November 28, 2008, when he became aware of his exclusion from the Medical Assistance Program. Plaintiff disputes this date, and claims he did file for an appeal, but sent the appeal to the wrong address, and did not become aware of the issue until February 2012. (doc. 23) However, Plaintiff has provided no evidence to support his contention or to refute the possibility that he simply failed to timely file an appeal. He makes only unsubstantiated assertions which are insufficient to create a genuine issue of material fact.

4

Plaintiff filed suit in the instant case on April 25, 2012, more than three years after his cause of action accrued in November 2008. This was outside the one-year time limitation. Plaintiff's claim is therefore time-barred, and there is no genuine issue of material fact concerning plaintiff's due process claim. The Court therefore grants Defendants' partial motion for summary judgment.

In addition to his claim for violation of due process, Plaintiff also filed suit asserting state-law claims of "deception, fraud, slander, defamation, and discrimination." (doc. 1) Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction upon dismissal of all claims over which it has original jurisdiction. Plaintiff's due process claim was the only claim in the instant case within the Court's original jurisdiction. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims, and they are hereby dismissed for want of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for Partial Summary Judgment. The Court further declines to exercise jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367(c)(3). Those claims are hereby DISMISSED.

Defendants' motion to dismiss (doc. 9) and motion for leave to amend their motion to dismiss (doc. 15) are hereby DENIED as moot.

Baton Rouge, Louisiana, February 19, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA